case number 20-3059 United States of America v. Kevin Johnson appellant Mr. Kramer for the appellant Mr. Hobell for the appellate morning counsel morning mr. Kramer please proceed when you're ready good morning your honors and may it please the court AJ Kramer on behalf of mr. Johnson your honors the the first step back was signed as a and touted as a major reform in criminal justice and over incarceration particularly of people of color in the federal system and there were two main provisions of it that received a lot of attention one of those is the compassionate release provision mr. Johnson is in now seven circuits have held that the guideline that existed before the first step back 1b 1.13 is not binding on district courts one the 11th circuit just recently held in a two-to-one opinion with a vigorous dissent differently I know very similar issues were argued before this court in the David Long case and I think judge Pillard was on that panel so obviously those issues are pending there is and that almost all of the issues were very similar with it with respect to the Winstead issue but what you have here is a 60 year old man and black male with some serious health conditions who never should have been sentenced to the sentence he was sentenced to because he was not a career offender according to this courts decision in Winstead so that in a number of courts the government complained that by the way the government has not and was improperly sentenced it has never disputed that although it says it hasn't agreed to it whatever that may mean it's never disputed that he was improperly sentenced because one of his two prior convictions was an attempt the district court in this case clearly believed it was bound by 1b 1.13 because it said at minimum the such reasons include at minimum those circumstances defined in the guidelines so it never it also said or comparable or analogous but it then went through mr. Johnson's without going to the Winstead issue it went through mr. Johnson's and evaluated them individually and dismissed them individually but then never looked at the entire context of mr. Johnson's situation and of course did not address the Winstead issue and it's notable I think the government clearly thought the Winstead issue was raised because in its response its opposition to the compassionate reduce motion it raised the exact same arguments it raises before this court in the exact same manner I should add in a footnote that it raised before this court so so one thing the government does argue with both issues the Winstead issue and the whether the policy statement is binding is that the claims weren't raised before the district court and so I know that you have you have arguments on both it that they were raised but if if you just bear with the assumption that they weren't raised then I didn't see an argument in your briefing that even if they weren't raised that you still think that the claim should be heard by us and should be resolved in your clients favor under the plain error standard I'm sorry that obviously I guess it should have been but I think it's so clear that they were raised by the the district court referred twice at least twice to the fact of the cases mr. Johnson cited and what they hold and clearly understood that these issues are being raised and it was specifically raised by mr. Johnson that 1b 1.13 was not binding that district courts had discretion to believe there's plain error when seven circuits have held that it's that the guideline is not binding and then the Winstead issue which was just not even addressed by the district court that clearly shows that he was improperly he received a sentence more than twice as high as he should have received if he if he had been properly sentenced at the beginning and if anything his situation is worse than the defendant instead because it was he was sentenced when the guidelines were mandatory whereas Winstead was when they were advisory but I absolutely think it's plain error a little bit to the third and fourth prongs of the plain error review I mean if we assume assume we we agree with you know the other seven circuits that the error you know that there's an error here that that's playing can you speak to why why it would also meet the third and fourth prongs of Alano well again the government has not disputed and the Supreme Court has said that when there's a guidelines error like this it's almost always plain error because it affects the sentence and I think the quotes at the end of my brief from the case Rosales Morales show what the Supreme Court thinks about the integrity of the system when people are serving longer in in prison than they should be there's no dispute in the briefs or in the district court that his guideline range would have been 100 to 125 months as a non career offender that's less than half so I think that when somebody receives a sentence more than twice as much as what they should have received that the prongs the last two prongs of the plain error analysis are clearly met we're not directly here reviewing the sentencing right we're here reviewing the compassionate release look that that's absolutely right and the government misstates the issue I'm not claiming that the sentence is illegal although it was but the claim on compassionate release is it's an extraordinary and we're decided that an attempt crime cannot be a basis for a career offender guideline and so I've made the government's misstated the issue I'm not challenging the legality of the sentence what I'm saying is it's an extraordinary and compelling circumstance when the sentence should have been less than half of what mr. Johnson received but he said it was always Morales this court says the public legitimacy of our criminal justice system relies on procedures that are accurate consistent trustworthy and fair what citizen wouldn't bear a diminished view of the judicial process if courts refuse to correct obvious errors that threaten to require individuals to do you think can I just ask you do you think that it would be an error of law error is a matter of law if a district court denied a compassionate release motion in this circumstance on the Winstead issue or do you think the district court has this is it in the district courts discretion to decide whether to take that into account it's the district court could take it into yes I think it's well if you read the McKinney case the McKinney case didn't decide one way the McKinney case that the district court said I can't be considered and they said no you have to reexamine that they didn't come right out and say it's there they said since our laws changed and 1b 1.13 is not binding I think to just dismiss it and say it's not a valid ground if the district court said it's not a valid ground that I can consider as part of the analysis I think that would be an error if the district court said I've considered everything and I don't find this case so unusual or extraordinary or usual that would be a much closer case but I think to say that can never be a reason in the calculus I think would be mistake so here Winstead is the argument you've really been focusing on and it was I would say pretty tersely made in the in the district court really mentioned only and in setting up the categorically applicable to pre pre decision cases so isn't it the case that that you have to sort of point out why Winstead should apply here even though it's not categorically applicable to sentencing that preceded it and and what what is it about this case and what's the standard that we should use in determining whether the Winstead error should be recognized in this case even though it isn't a categorically applicable rule to to to previous sentence I think a couple of things that there's a large number of 924 C cases that have been deemed applicable that courts can reduce sentences because of the stacking of 924 C which was done away with in the in the first step act if anything those case that would be a stronger case for not applying it because Congress chose not to make that retroactive Winstead of course is a court decision that means from the beginning that guideline was invalid in having attempted attempted drug crimes included so I don't think what I'm retroactive I'm not asking that at all over the government seems to be saying that what I'm saying is it can be a factor taken into account of whether there's an extraordinary and unusual circumstance because and that's exactly what the court of McKinney said that the district court had to examine it to take that into account because it's again I'm just repeating I mean he received a sentence twice as high I'm not asking that Winstead be made retroactive that that's not what I'm asking all I'm asking is that it be taken into account as the extraordinary unusual circumstances in combination I might add with all the other circumstances including that quite extraordinary fact that in almost 19 years in prison he's had one very minor disciplinary infraction you're not you're not making the argument that on the Winstead issue that it would be an error as a matter of law to deny a compassionate release motion that would have the effect of sentencing the individual as if he were sentenced in a time when Winstead what is the governing law so because if you because that was the argument then it would be effectively equivalent to saying it's retroactive right I don't I have never made the argument that the district court has to do this the district court obviously for whatever reason didn't and I understand judge bill it that it was terse but it was quite it set out it said notably there's a Winstead issue he was a career offender and had a sentence enhanced but had he not been the career offender on the Winstead his sentence would have been a hundred to a hundred and twenty five months I mean it was made and then the cases the parent the cases that are listed at the back one of them was clearly a case about Decatur on page I other cases recent cases mile-mile was another case where the sentence court said you can take into account that the sentence was higher than it would have been now so so so what's the standard for us in reviewing or maybe I really have two questions what how should a district court in looking at the Winstead question sort a case in which it shouldn't disturb the sentence from a well I I think that's not a question you have to answer because the district court didn't address it at all in this particular case so all I've asked is a remand for the district court to consider all the arguments under first of all that one be 1.3 is not binding that's the threshold issue but to consider all the arguments under the proper interpretation of one point one be 1.13 including the Winstead issue to consider that issue I don't think you have to set forth I'm not proposing to set forth a standard but I it's I'm trying to think through how we evaluate what you're claiming was an error on the part of the district court and and trying to get at that by asking if the district court considered it correctly how what would that look like to compare what it did with what you think it should have done and I what I'm hearing you say is that it should have considered all the factors together the potential that potentially bear on compassionate release but I'm particularly trying to understand how it would it would look at that so because because you answered judge Srinivasan that it wouldn't be an error as a matter of law for the district court to deny the Winstead compassionate release under these circumstances I'm trying to understand where you see the district courts discretion where and how that what should appropriately work on remand I think let me give you some examples maybe a district court could say you've got to remember in this particular case he had two prior drug convictions both involving a $10 sale of drugs now they could have been huge drug sales of kilograms multi kilograms and the district court could have said well even though one of them's an attempt they're both involved huge quantities of drugs and you were a kingpin and the career offender even though technically doesn't apply you were a kingpin and deserve it I think that might be appropriate I think that the district court could say you have eight other felony convictions which of course mr. Johnson only has misdemeanor convictions you have eight other felony convictions including crimes of violence which may not have counted towards the career offender but I'm going to do that the district court could have said your range what you have 20 disciplinary violations in the past two years so I think the fact that you were incorrectly said so there could be a whole host the problem in this case of course is that the district court didn't address it at all so I think there could be reasons there could be obviously I think mr. Johnson's case clearly qualifies or for the considerate that it's extraordinary unusual or but there could be cases where it's not for whatever reason but mr. Johnson's is quite stark he has two increased as a result he got more than twice as much on the low end of the guidelines then he would have been if he had not been if he had been properly sentenced at the time so I hope that answers your question I think helpful thank you thank you unless my colleagues have further questions for you at this time we'll hear from the government and we'll give you some time for rebuttal thank you your honor mr. hobel thank you may it please the court mark hobel for did not treat the policy statement as binding it treated the policy statement as helpful guidance but also recognized that there might be an expanded set of circumstances that could be extraordinary and compelling that's not error under any standard of review in any circuit that has looked at this issue and it's also what the defendant asked the district court to do the government made the argument that the policy statement was binding right to the district court I believe in a in in a footnote yes I think I think every the the defendant said apply the criteria in the policy statement the government said yes we agree and included a footnote that indicated that it remains binding although it mentions you know the language of the policy statement is upon motion of the BLT director and the district court recognized that it needed to start with the policy statement as guidance a frame of reference but that it also recognized there could be it gave the defendant sort of the benefit of the doubt on this question and so I guess I guess what I guess what what would be surprising to me a little bit is that if the government made the argument which I think the government did that the policy statement is binding if the district court actually thought it wasn't binding I guess I would have expected the district court to reject the government's argument and I didn't see that I think there is some language I grant you there's some language in the district court's opinion that you could look at and say well he said at a minimum and at a minimum I mean in some ways can cut in either direction here I understand why both sides are using that language and there's some there's the language about we're gonna take into account there's decisions that have taken into account analogous circumstances I'm not sure that necessarily means the policy statement isn't binding either it could just mean the policy statement is binding but the policy statement allows for taking into account analogous circumstances I guess what would be a little bit surprising to me is if the government agreed that the policy statement is binding that the I would be surprised if the district court would have said no I'm not saying so without saying I'm rejecting the government's argument that the policy statement is binding I agree with your honor that if this was a hotly contested issue and the parties had taken opposing positions on whether the policy statement is binding you'd expect the district court to address it more fulsomely but that's that's not what happened the then he would be rejecting both of your arguments I mean that make I don't know how that help I'm not sure I don't know how that helps you because if you're saying that both parties were operating the assumption that the policy statement is binding then all the more surprising that the district court wouldn't have said I disagree with both parties and and again I think it I think it just goes back to this was not an issue that the defendant despite the fact that there were plenty of district court opinions at this point that that addressed this issue that the defendant made an issue I think that argument that that I understand is that's the argument that the defendant didn't flag it and therefore a plain error applies which is I think a different argument though than saying that the district court never thought it was bound to begin with right well I think that that are that are bound to begin with argument just is is based on the plain language of the district courts opinion which is that it recognized that it quoted explicitly to a to a case United States v Fox from the District of Maine which itself and with what we noted this in our brief itself says the policy statement is not binding but it's helpful guidance it said there is a more expansive set of circumstances beyond just the the the the specifics of the policy statement they could look at but even under that more expansive set of circumstances the defendants medical conditions and COVID-19 don't qualify as extraordinary and compelling so I think just based on a plain read of the district courts opinion it's it's using the policy statement as guidance but not as binding and I know that the defendant is pointed to the use of minimum and and I think that that the way to read minimum in there plainly is that the district court felt that extraordinary compelling and compelling reasons for a sentence reduction were at a minimum those in the policy statement but could include others not specifically enumerated there start as it start with the frame of reference of policy statement think more expansively especially in light of COVID-19 which is not something that the policy statement writers anticipated well what do you make of the of the district courts failure to address the Winstead argument I mean one one reason might be that it wasn't clearly enough raised so we would might be that it would only fall in the catch-all provision and if the if the policy statement were binding and it wasn't something identified by the Bureau of Prisons it would be off the table for that reason what's your view of why the district court didn't get there I think both of those propositions are true your honor I think why the district court didn't get there is because it wasn't raised it was your honor referred to it as as tourists I think respectfully that's that's even overstates it it is a mention of the quote Winstead issue in the defendant's statement of facts there's no mention of it in the argument section there isn't even a mention of it in the in his discussion of the 3553 a factors which is where you you'd expect something like the length of his sentence and in the fact that this this that wins if he'd been sentenced after Winstead he would have gotten he would not have been sentenced as a career but he would expect that to be in there there wasn't even any discussion in the 3553 a factors so you know I'd point the court actually to mr. Kramer in his in his 28 jail letter earlier this week cited to the Seventh Circuit's recent decision in United States of E Newton and and in that case the the the Seventh Circuit said at a minimum the district court's analysis must give us reasonable assurance that it at least considered the prisoners principal arguments this wasn't a principal our principal argument that he raised this wasn't an argument that he raised at all he touched on it in passing the government responded to it in a footnote in the section of our brief dealing with the 3553 a factors indicating that the government certainly wasn't you know aware on notice that he's as he now claims it was an extraordinary and compelling reason you know I think it's I think to a certain extent the defendant is recasting his claim before this court that may be he is not challenging the the factual determination that the district court made that his medical conditions do not reach the standard of extraordinary and compelling reasons especially in light of the fact that he's now been vaccinated and he is trying to raise this Winstead claim for the first time here without really grappling with the hard questions about that I think that this court has raised I think at some point mr. Kramer said you can you can send that you know you don't need to relief under under Winstead I think this is mr. hobo can I can I ask you if we were to agree with the other circuits that the policy statement here isn't binding and we also thought the district court was at least unclear about whether it considered itself bound in those circumstances and I understand you don't agree with that but in those circumstances would we need to remand no and I think that this goes to your honors a question to my opponent on the third and fourth plump prongs of a plain error there really hasn't been a showing here that the actual prejudice or that this undermines the integrity of the proceedings I mean maybe most most fundamentally when it comes to those the very first argument in his motion if you look at his compassionate release motion the very first our legal argument he makes is I satisfy the policy statement criteria well but that's not that's not about prejudice and and also the fourth prong so maybe speak to those right right I think it is it is his burden to show that under if the if the district court had not treated the policy statement as is binding there would have there's a reasonable probability of a different outcome here I think it's given the district courts discussion of his medical conditions and during and and the district court didn't in its discussion of medical conditions it doesn't refer back to the policy statement it consistently says and we make this point in our brief it consistently says that those don't satisfy extraordinary and it's in it compares the it compared Johnson's conditions to other defendants who have received compassionate release under sort of a holistic cumulative standard that the defendant is saying he now the court didn't do compared it holistically to other defendants during the coven 19 pandemic and set and said he these these conditions don't rise to that level so I I think that if you take I think that that he just the defendant just hasn't shown that if there was if the district court had more clarity that no the policy statement really isn't binding although you can still look at it together for guidance that it would have come to a different outcome on his medical conditions can I ask the question this way so suppose the district court says I'm just giving you a hypothetical I'm not saying this is what the district court said but suppose what the district court said in a case like this is I've have a motion before me for compassionate release I understand that it raises some questions about the medical conditions of the movement and I understand that there's a Winstead claim before me I don't have to consider either of those because the policy statement is binding and neither of those states a ground for relief under the policy statement so therefore I'm denying the motion under the policy statement and then if we if it comes up on appeal and we say per the seven other circuits it's actually not binding then what happens on prongs three and four and and I'm assuming the claim wasn't raised that it's not binding in the district court then what happens on prongs three and four when the district court has said the reason I'm denying relief is because the policy statement is binding it turns out that's wrong district court just has said I'm not saying what's gonna happen if the policy statement weren't binding I might have it's yeah I understand the question it's still his it's still his burden to show that that there's a reasonable probability that his compassionate release motion actually would have been granted so there may be there may be facts that say that there may be the district court may have made comments to the effect of you know I'd like to I think this sentence I think you're a good candidate but the policy statement just prevents me from doing it I think in in that case in that hypothetical you'd have a pretty good argument on prongs three or four I think what about is it Mendoza Martinez where we say a guideline error and I understand that's a calculation of length but a guideline error is presumptively prejudicial except in extraordinary circumstances right so I think when you're talking about and I think your honor may be talking about the actual sentencing context as opposed to compassion release and in sentencing because of the the the role that the guidelines play of orienting or the very start of the process to give the guidelines range you know if you if you're at the if you're a get sentenced at the midpoint of the guidelines range and it turns out that it's the wrong guidelines range and it should have been down here there's there's sort of this you know the Supreme Court has said there's sort of this presumption that you probably would have been midpoint of the lower guidelines range I I don't think that the I don't think that this situation is analogous because I think there are the the I I don't think I don't think the presumption applies in the same way I think that the defendant still has to show some make some showing that there's that there is going that there was some reasonable probability of a different outcome here so I see my time is expired so we'd ask the court to affirm the district court thank you your honor Thank You mr. hobo mr. Cramer will give you two minutes for rebuttal thank you your honor a few things first of all despite having the entire time to argue they have never disputed that mr. Johnson was improperly sentenced as a career offender so that's that's they've essentially well not admitting it they have not challenged that if you look at page 91 of the appendix after citing about 25 or 30 cases saying that the district courts had broad discretion that mr. Johnson said as these cases illustrates now the courts are no longer constrained by the BOP's narrow interpretation of extraordinary compelling reasons they have embraced their broad discretion under 3582 to grant compassionate release it's again it seems to me he clearly raised the issue and we don't have to talk about plain error but even if the district court had considered the fact of the medical issues and the fact that his sentence was more than twice as much as was required under the mandatory guidelines there clearly is a good chance the district court would have granted the motion for compassion release under all the circumstances you can't it's mr. Kramer I should have asked this of mr. hobo as well can a can an incarcerated individual bring more than one motion for a compassionate release so and this might bear on the question of preservation is there anything to prevent him from coming back to the district court and saying oh I didn't really explain exactly what I meant look at this Winstead problem no there is not anything to prevent him you as far as I know you can make one a day or more but the problem is the procedural mechanism that it has to be you have to wait 30 days after you present it so you get it you get a built-in delay unless the defendant submits a request daily you I guess you get a built-in delay of 30 days and that's that that's the problem but there is not a limit in there and the law about how many can be filed by the way I just confirm with mr. hobo if he agrees I should have asked that before sure is that right that there isn't any bar on additional motion for compassionate release if the individual that that's correct the exhaustion requirement still applies but there's no second or successive bar thank you the only other things I wanted to say was the government talks about how they responded to the Winstead argument it was almost identical about how they responded to it in their brief even though it was raised fully in the briefs they did a short footnote saying it released and then lastly they said although it's not part of the record that mr. Johnson has been vaccinated but I opened my sports section today and saw that eight members of the Yankees who have been fully vaccinated have come down with COVID well I feel bad for them as individuals I don't feel bad for them as the Yankees but clearly the fact that people have been vaccinated is not a as eight members of a professional sports team have come down with COVID have tested positive it's not and in any event it would be something for the district court to consider on remand that issue but I would ask your honest to remand it first of all on the 1v1 point 13 issue in absolutely remand for consideration of the Winstead issue that was raised they said that his sentence would have been substantially less and now I'm just repeating myself and I apologize but thank you very much thank you counsel thank you to both counsel we'll take this case under submission
judges: Srinivasan, Pillard, Rao